|     |     |
| --- | --- |
| GREGORY BENNETT, | Case No.: 3:19-cv-00013-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: ECF Nos. 12, 13 |
| JOHN KEAST, *et al.*, | |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Before the court are Plaintiff's Motion for Appointment of Counsel (ECF No. 12) and Plaintiff's Motion to Stay Pending Reconsideration of Motion for Appointment of Counsel (ECF No. 13).

Plaintiff's Motion for Appointment of Counsel (ECF No. 12) is based on (1) the fact that "Plaintiff is incapable of prosecuting this case without assistance of counsel," (2) that Plaintiff has "cancer in my throat and temple area of the left side of my head," (3) that "the treatment discontinued by NDOC medical some fourteen (14) weeks ago due to surgery being allegedly scheduled but to date it has not occurred," (4) that "the mass is effecting my ability to think, concentrate and write," and (5) that Plaintiff's incarceration will greatly limit his ability to effectively litigate his case. (*Id.* at 6.)

Plaintiff's rationale for appointment of counsel is substantially similar to the motion (ECF No. 1-2) Chief Judge Du denied in the court's screening order (ECF No. 3). The difference between that motion and the present one is that Plaintiff now complains of a pain near his temple area which supposedly complicates his reasoning process (a contention which was not averred in his complaint). However, Plaintiff attaches no documentation (i.e., medical records) to support his claim he is not able to articulate his claims.

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff equates the fact that his

complaint survived screening is an indication that his claims have merit. Chief District Judge Miranda M. Du only stated that Plaintiff presented a "colorable deliberate indifference to serious medical needs" claim. (ECF No. 3 at 5.) Additionally, Plaintiff has shown an ability to articulate his claims. (ECF Nos. 1, 12, 13.)

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claim involved in this action is not unduly complex. Plaintiff's Complaint was allowed to proceed on Count I alleging an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Keast and Mitchell. (ECF No. 3 at 6.)

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.

While any *pro se* inmate such as Mr. Bennett would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under

exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Pending Reconsideration of Motion for Appointment of Counsel (ECF No. 13) is **DENIED** as moot.

Dated: March 10, 2020.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE